NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STATE OF NEW JERSEY,

    Plaintiff,

    v.

MIKAEL LEWIS EL,

    Defendant.

No. 23cv2362 (EP) (CLW)

**OPINION**

**PADIN, District Judge.**

This case stems from state municipal court proceedings accusing Defendant Mikael Lewis El of various motor vehicle violations. D.E. 1 ("Compl."). After Lewis El, proceeding *pro se,* removed the proceedings to this Court, Plaintiff State of New Jersey[1] now moves to remand. D.E. 5 ("Mot."). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons below, the motion will be **GRANTED** and this matter will be **REMANDED**.

**I.    BACKGROUND**

On October 31, 2021, Lewis El was discovered asleep behind the wheel of a running motor vehicle and failed multiple sobriety tests ("First Incident"). Mot. at 2. Lewis El was subsequently charged with state criminal law violations.[2] Mot. at 2. Lewis El was served with a ticket on October 31, 2021. Mot. at 32-37.

---

[1] The State alleges that the plaintiff is, in fact, the Borough of Roselle. Mot. at 1. For clarity, the Court will refer to the plaintiff as the State of New Jersey.
[2] Specifically, Lewis El was charged with violating N.J.S.A. §§ 39:3-29, 39:3-40, 39:3-76.2F, 39:4-50, 39:4-50.2, 39:4-50.4A, and 39:4-67. Mot. at 3.

On June 3, 2022, Lewis El was discovered behind the wheel of a vehicle that crossed onto the wrong side of the road and struck a parked car ("Second Incident"). Mot. at 2. An open container of alcohol was found in the front cup holder and Lewis El refused to participate in any sobriety tests. Mot. at 2. Once again, Lewis El was charged with state criminal law violations.[3] Mot. at 3. Lewis El was served with a ticket on June 3, 2022. Mot. at 38-45.

Finally, on August 7, 2022,[4] Lewis El was discovered asleep behind the wheel of a running motor vehicle and failed to coherently answer questions or follow instructions ("Third Incident").[5] Mot. at 3. Lewis El was charged with state criminal law violations.[6] Mot. at 3. Lewis El was served with a ticket on August 7, 2022. Mot. at 46-54.

The municipal court hearings for all three Incidents were set to occur on June 29, 2023. Mot. at 2-4. On April 28, 2023, Lewis El filed a motion to remove all three Incidents to federal court. Compl. Lewis El alleges that the Court has jurisdiction pursuant to both 28 U.S.C. § 1332(a) ("diversity jurisdiction") and 28 U.S.C. § 1331 ("federal question jurisdiction"). Compl. pp. 2-3, 5, 8-13. Specifically, as to diversity jurisdiction, Lewis El claims that he is "a citizen-member of the Moorish Science Temple of America," D.E. 7 at 2, and therefore his "national domicile is in the jurisdiction of [his] ancestral inherited estate at all times," Compl. at 4. As such, Lewis El maintains that he is "not a state of New Jersey resident, nor do[es he] domicile in the state of New Jersey," Compl. at 8 (cleaned up). As to federal question jurisdiction, Lewis El contends that he

---

[3] Specifically, Lewis El was charged with violating N.J.S.A. §§ 39:4-50, 39:4-50.2, 39:4-50.4, 39:6B-2, 39:3-40, 39:4-97A, and 39:4-51A.B. Mot. at 3.
[4] The State's motion for remand lists August 8, 2022, as the date of the Third Incident, but the police report and ticket attached in Exhibits C and F of the State's motion for remand identify August 7, 2022. The Court has defaulted to the date listed in the police report and traffic ticket.
[5] Collectively, all three incidents shall be referred to as "the Incidents."
[6] Specifically, Lewis El was charged with violating N.J.S.A. §§ 39:4-50, 39:4-50.2, 39:4-50.4A, 39:3-40, 39:3-4, 39:6B-2, 39:4-51A.B, and 39:3-76.2F. Mot. at 3.

has suffered a "deprivation of rights under color of law" in violation of 42 U.S.C. § 1983.[7]  Compl. at 5 (cleaned up).  Lewis El argues that he has been deprived of his "4th Amendment (warrantless arrest) and 5th Amendment (due process of law)" rights, D.E. 7 at 1, as well as an unspecified Sixth Amendment right, Compl. at 9.

On May 10, 2023, Lewis El requested an emergency stay of state court proceedings pursuant to 28 U.S.C. § 2283.  D.E. 4.  On June 2, 2023, the State of New Jersey responded with a motion to remand the case to municipal court.  *See* Mot.  The State contends that the Court does not possess federal question or diversity jurisdiction.  Mot. at 6-11.  Lewis El opposes the motion to remand, but does not dispute any material facts of the Incidents.  D.E. 7.

## II.     LEGAL STANDARD

"United States district courts are courts of limited jurisdiction and Congress, as allowed by the Constitution, must expressly grant them the power and authority to hear and decide cases. Also . . . parties cannot confer on the federal court jurisdiction that has not been vested in the court by the Constitution and Congress."  *In re Morrisey*, 717 F.2d 100, 102 (3d Cir. 1983) (internal citations omitted).  Thus, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  Moreover, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  In sum, "the removing

---

[7] Since "a civil counterclaim can't be brought in a criminal case . . . [and must instead] be filed as a separate civil suit," *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023), the Court construes Lewis El's § 1983 claim as a defense that his Fourth, Fifth, and Sixth Amendment rights have been violated.  *See also* Fed. R. Civ. P. 1 (plainly stating that Federal Rules of Civil Procedure govern "in all *civil* actions") (emphasis added).

3

party" bears a "heavy burden of persuasion." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted).

As to criminal cases specifically, "federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court." *South Carolina v. Brooks*, 2021 WL 9553011 at *2 (D.S.C. Oct. 25, 2021); *see* 28 U.S.C. §§ 1441-1455. For removed criminal cases, federal courts only retain jurisdiction pursuant to §§ 1442, 1442a, 1443(1), or 1443(2), while § 1455 outlines the proper procedures for successful removal of a criminal case.[8] *Brooks*, 2021 WL 9553011 at *2.

Procedurally, under § 1455, a defendant must file a notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b). Section 1455 also mandates that "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

---

[8] Although both Lewis El and the State focus on federal question(s) and diversity jurisdiction, neither justify removal for criminal cases; only civil actions may be removed on the basis of federal question(s) and diversity jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States") (emphasis added); 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all *civil* actions where the matter in controversy exceeds the sum or value of $75,000 [and is between citizens of different states]") (emphasis added); 28 U.S.C. § 1441 ("any *civil* action brought in a State court of which the district courts of the Unites States have original jurisdiction, may be removed by the defendant") (emphasis added). The Court notes, however, that there is no basis to accept Lewis El's theory of diversity, which alleges, in substance, that he is not domiciled in New Jersey because his "national domicile is in the jurisdiction of [his] ancestral inherited estate." D.E. 1 at 2. This is a version of the "Moorish National/Sovereign Citizen" theories, which "should be rejected summarily, however they are presented." *Ibrahim v. Att'y Gen.*, No. 21-1128, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

4

### III. DISCUSSION

Three removal statutes impose requirements on who the removing party must be. For removal under § 1442, the removing party must be an officer of the United States. 28 U.S.C. § 1442. Likewise, removal under § 1443(2) "is limited to federal officers and those acting under them." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 821 (1966). Finally, under § 1442a, a removing party must demonstrate that he or she is a member of the armed forces of the United States. 28 U.S.C. § 1442a. Here, Lewis El has provided no evidence that he is a government officer or a member of the armed forces. In fact, Lewis El maintains that he is not even a citizen of the United States. Compl. at 4. Therefore, these three statutes cannot establish jurisdiction over Lewis El's case.

Removal under § 1443(1), by contrast, is constrained by the substance of the underlying action. Under § 1443(1), a removing party must demonstrate "[(1)] that he or she is being deprived of rights guaranteed by a federal law providing for equal civil rights; and [(2)] that he or she is denied or cannot enforce that right in the state court." *St. James Associates v. Larsen*, 67 Fed. App'x 684, 686 (3d Cir. 2003). Thus, Lewis El must satisfy both requirements to establish jurisdiction.

"Under the first requirement [of § 1443(1)], the defendant must allege a deprivation of rights guaranteed by a federal law 'providing for *specific civil rights stated in terms of racial equality.*'" *Delaware v. Desmond*, 782 Fed. App'x 241, 242 (3d Cir. 2020) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047, 1050 (3d. Cir. 1997)) (cleaned up) (emphasis added). Because § 1443(1) only "protect[s] a limited category of rights, specifically defined in terms of racial equality," "broad contentions under" certain Constitutional amendments "cannot support a valid claim for removal under § 1443 . . . [if] the guarantees of those clauses are phrased in terms of

5

general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *State of Ga. v. Rachel*, 384 U.S. 780, 791-92 (1966). In other words, "§ 1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights.'" *Id.* (quoting *People of State of New York v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965)).

Lewis El's invocation of the Fourth, Fifth, and Sixth Amendments do not meet this standard as they are general constitutional rights and not "'rights granted in terms of equality.'" *Id.* (quoting *Galamison*, 342 F.2d at 269); *see, e.g.*, *Levine v. New Jersey*, 2008 WL 11480534 at *2 (D.N.J. Apr. 24, 2008) (holding that "due process and the Fourth Amendment" guarantee rights of "general applicability"); *Ward v. Hernandez*, 2013 WL 5840445 at *2 (C.D. Ca. Oct. 25, 2013) ("Defendants' reliance on alleged constitutional violations under the Fourth Amendment cannot support a claim for removal under § 1443 because the Fourth Amendment is generally applicable and not specifically stated in terms of racial equality"); *Florida v. Cave*, 2019 WL 3302571 at *1 (S.D. Fla. Jul. 23, 2019) ("the Fourth Amendment, Fifth Amendment, [and] Sixth Amendment . . . [do not] provide for specific civil rights stated in terms of racial equality. Thus, none can be the basis for removal under § 1443); *State of Md. v. Brown*, 295 F.Supp. 63, 77 (D. Md. 1969) (holding that "the Sixth Amendment is not a law 'providing for specific civil rights stated in terms of racial equality'") (quoting *Rachel*, 384 U.S. at 792). Accordingly, Lewis El is unable to establish jurisdiction under the first requirement of § 1443(1).

But even if Lewis El could satisfy the first requirement of § 1443(1), he would be unable to satisfy the second requirement of § 1443(1). "Under the second requirement [of § 1443(1)], removal is available where the defendant[']s federal civil rights would 'inevitably be denied by the very act of being brought to trial in state court.'" *Desmond*, 782 Fed. App'x at 242 (quoting

6

*Glanton*, 107 F.3d at 1050) (cleaned up).  To meet this high standard, a defendant must "identify [a] provision of [New Jersey] statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution . . . [or] demonstrate that the [New Jersey] courts would not afford him the full protections of the law." *Pennsylvania v. Brown-Bey*, 637 Fed. App'x 686, 689 (3d Cir. 2016).  Lewis El has pleaded no facts that suggest that New Jersey law or courts would not protect his rights.  Accordingly, Lewis El has not established this Court's jurisdiction.

Even if Lewis El did establish federal jurisdiction, the *Younger* abstention doctrine would compel the court to refrain from exercising its jurisdiction.  There is a "'a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances.'"  *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 304 (3d Cir. 2004) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *see also Younger v. Harris*, 401 U.S. 37, 43 ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").  "Even though the question of *Younger* abstention was not raised by the parties . . . [a court] may consider it *sua sponte*."  *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994) (abrogated on other grounds as recognized in *Borowski v. Kean Univ.*, 68 F.4th 844, 855 (3d Cir. 2023).  *Younger* abstention "is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates imp`ortant state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges."  *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002).

Abstention is appropriate here. As to the first *Younger* factor, a "pending hearing on [a] traffic citation constitutes an ongoing state judicial proceeding."[9] *Stubbs v. City of Center Point, Ala.*, 988 F.Supp. 2d 1270, 1281 (N.D. Ala. 2013); *cf. Middlesex Cnty.*, 457 U.S. at 424, 434 (in New Jersey, "a disciplinary proceeding is judicial in nature" and therefore "of a character to warrant federal-court deference") (internal quotations omitted).

As to the second *Younger* factor, courts should "not look narrowly to [the State's] interest in the *outcome* of the particular case[.] . . . Rather, what we look to is the importance of the generic proceedings to the State . . . [such as] its interest in 'carrying out the important and necessary task' of enforcing its criminal laws." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) (quoting *Younger*, 401 U.S. at 53 51-52). "[States have] a significant and substantial interest in the regulation" of traffic violations "and in the vindication of the system it has implemented to adjudicate violations of those regulations." *O'Neill*, 32 F.3d at 792. Accordingly, Lewis El's alleged traffic violations constitute a state interest.

Finally, the third *Younger* factor "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *Id.* at 792. Lewis El cites 42 U.S.C. § 1983 to justify remand for his Fourth, Fifth, and Sixth Amendment claims, but courts have repeatedly found that where the "§ 1983 . . . claim[] . . . stem[s] from [the defendant's] pending criminal

---

[9] Given that Lewis El has invoked 42 U.S.C. § 1983, it is worth acknowledging that there is a tension between the Supreme Court's guidance on *Younger* abstention, which dictates that all existing remedies must be exhausted, and the Supreme Court's "rule that plaintiff[s are] generally not required to exhaust state remedies before bringing a Section 1983 claim in federal court." *Brown v. Day*, 477 F.Supp. 2d 1110, 1112 (D. Kan. 2007). In considering Lewis El's traffic ticket violations as pending state actions despite the § 1983 claim, the Court follows the precedent set by the Third Circuit in *O'Neill*, which held that a traffic violation is a coercive action by the state for which *Younger* abstention may apply. 32 F.3d at 786, 788, 791 n.13.

charges in" state court, the removing party can properly assert the constitutional claim during state proceedings. *Cooke v. Borough of Keansburg*, 2016 WL 816747 at *4 (D.N.J. Feb. 26, 2016); s*ee also Stubbs*, 988 F.Supp.2d at 1282 (utilizing *Younger* abstention doctrine and remanding). Thus, the third *Younger* factor is satisfied in Lewis El's case. Accordingly, even if the Court possessed jurisdiction over Lewis El's case, it would decline to exercise it.

## IV.   CONCLUSION

Lewis El has failed to establish jurisdiction over his pending state traffic violations. But even if jurisdiction were established, the Court would still remand in accordance with the *Younger* abstention doctrine. Accordingly, the Court will **GRANT** the State of New Jersey's remand motion. Consequently, Lewis El's request for an emergency stay will be **DENIED** as moot. An appropriate Order accompanies this Opinion.


Dated: October 17, 2023

                                                                    _____
                                                                    Evelyn Padin, U.S.D.J.